UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

       Plaintiff,

vs.                                        Case No. 04-CV-70475
                                          HON. GEORGE CARAM STEEH

CORRECTIONAL MEDICAL SERVICES, INC.,
et al.,

       Defendant.

_____/

ORDER OVERRULING PLAINTIFF'S
JUNE 30, 2005 OBJECTIONS (#28)

Plaintiff Martin Hagopian, a state prisoner appearing pro se, filed a June 30, 2005 "NOTICE OF REFILING AND OBJECTION TO DISMISSING WITH STIPULATION," relative to this court's October 18, 2004 Order[1] dismissing without prejudice plaintiff's 42 U.S.C. § 1983 claims of deliberate indifference to his medical need for eye surgery as alleged against Ryan Road Correctional Facility ("RRCF") Warden David Smith, RRCF Administrator Yvonne Gardner Brown, RRCF contractor Correctional Medical Systems, Inc. ("CMS"), and CMS employee Liz Kleinhardt. The claims against CMS and Kleinhardt were dismissed pursuant to the court's adjudication of CMS's and Kleinhardt's Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies. The claims against Smith and Brown were voluntarily dismissed pursuant to Rule 41(a)(1) and written stipulations

---

[1] The case was reassigned to this court from District Court Judge George Woods on August 26, 2004.

filed with the court. Specifically, plaintiff's October 14, 2004 written stipulation agreed to "entry of an Order dismissing the pending lawsuit without prejudice and without cost, subject to the Court's ability to reconsider these issues after [plaintiff has] refiled the lawsuit with the appropriate attachments."  Defendants Smith and Brown likewise stipulated to dismissal upon condition that the court consider assessing costs and fees against plaintiff should plaintiff refile his lawsuit after exhausting his administrative remedies.  The court's October 18, 2004 Order of dismissal thus provided:

> IT IS FURTHER ORDERED that, should plaintiff refile his claims, any instant defendant renamed in a refiled complaint may immediately move the court for relief requiring plaintiff to pay costs and fees before further pursuing the refiled lawsuit.  The court hereby retains jurisdiction over the issue of whether plaintiff should be required to pay costs and fees upon refiling this lawsuit against any renamed defendant.

October 18, 2004 Order, at 3.

Plaintiff's June 30, 2005 objection to the October 18, 2004 Order of dismissal is, at best, misplaced.  Plaintiff was not required to "move" for leave to refile his claims.  See Plaintiff's June 30, 2005 Notice and Objection, ¶ 9, at 3.  Plaintiff does not indicate that he has refiled his claims in a new complaint.  If and when plaintiff files a new lawsuit realleging his § 1983 deliberate indifference to medical needs claims against Smith, Brown, Kleinhardt, and/or CMS, the court's October 18, 2004 Order allows only that Smith, Brown, Kleinhardt, and CMS *may move* for relief that plaintiff pay costs and fees related to this lawsuit before proceeding to prosecute his refiled claims.  Plaintiff's argument that his constitutional rights have been prejudiced by requiring plaintiff, an indigent prisoner, to pay costs and fees is premature, and may be advanced *if* defendants move for an award of costs or fees *after* plaintiff has refiled his claims as a new lawsuit.  Plaintiff's objection is

simply premature.

Plaintiff's June 30, 2005 objections are OVERRULED.  Plaintiff's June 30, 2005 "NOTICE OF REFILING" is without consequence, in that plaintiff must refile his claims as a new lawsuit.  In refiling his claims, plaintiff is hereby ORDERED to designate that his new lawsuit is a possible companion case to this lawsuit.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  July 11, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the plaintiff and attorneys of record on July 11, 2005, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager/Deputy Clerk